UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE LUIS CABRERA, ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 05-40087-FDS |
| STEVEN O'BRIEN, ) | |
| Respondent. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS PETITION
<u>FOR WRIT OF HABEAS CORPUS</u>**

**INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Steven O'Brien, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Jose Luis Cabrera, on the grounds that the petition fails to state a claim upon which relief may be granted.[1] As grounds for this motion, and as set forth more fully below, the petition for a writ of habeas corpus may not be granted because the federal petition contains unexhausted claims, i.e., claims which were not presented to the state's highest court before being brought to the federal court. Specifically, Ground Five of the instant petition and significant portions of Ground Three of the petition were never presented to the Massachusetts Supreme Judicial Court ("the SJC") in any form, while Ground One and Ground Four were

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to address the merits of the remaining claim or claims in this petition.

never to presented to the SJC as federal constitutional questions. In short, the petitioner has failed to exhaust his state court remedies with respect to four of the five claims in the instant petition,[2] and the petition should therefore be dismissed. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## BACKGROUND

### Prior Proceedings

On July 28, 1999, an Essex County grand jury indicted the petitioner for the first-degree murder of Nelson Lariano. *See* Docket Sheet for *Commonwealth v. Jose Luis Cabrera*, Essex County Criminal Action No.1999-01557 (hereinafter, "Docket Sheet"), attached to Supplemental Answer ("Supp. Ans."), as Exhibit 1. The petitioner was tried before a jury beginning February 5, 2001, and was convicted of second-degree murder on February 15, 2001. *See id.* The petitioner was sentenced to life imprisonment in the Massachusetts Correctional Institute at Cedar Junction. *Id.*

On February 26, 2001, the petitioner filed a notice of appeal in the Massachusetts Appeals Court, and the appeal was docketed in the Appeals Court on January 7, 2003. *See* Docket Sheet, Supp. Ans., Exhibit 1; *see also* Brief for the Commonwealth, *Commonwealth v. Jose Luis Cabrera*, 2003-P-0024, Supp. Ans., Exhibit 5. On July 18, 2003, the Appeals Court granted the petitioner permission to file in the trial court a motion to set aside the verdict

---

[2] Both copies of the petition for a writ of habeas corpus which were received by this office lacked pages 5 and 6 of the petition. Accordingly, the respondent does not have knowledge of what bases for relief, if any, the petitioner has articulated in paragraph 12 of his petition. The respondent bases this motion on the claims for relief set forth in the "Petitioner Writ of Habeas Corpus Memorandum, Pursuant to 28 U.S.C. § 2254, By Person in State Court Custody" (hereinafter, "Petitioner's Memorandum"), filed with the petition.

pursuant to Mass. R. Crim.P. 25(b)(2), and the petitioner filed such a motion on September 10, 2003. *See id.* The trial judge denied the motion on February 10, 2004. Docket Sheet, Supp. Ans., Exhibit 1; *see also* Supp. Ans., Exhibit 3.

On February 18, 2004, the petitioner filed a notice of appeal from the denial of his motion to set aside the verdict. Docket Sheet, Supp. Ans., Exhibit 1. On March 10, 2004, the Appeals Court consolidated that second appeal with the petitioner's direct appeal. The Appeals Court denied the consolidated appeal on March 3, 2005. *See Commonwealth v. Jose Luis Cabrera,* 63 Mass. App. Ct. 1104 (2005)(table), Supp. Ans., Exhibit 6.

The petitioner filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") on or about March 24, 2005. *See* Supp. Ans., Exhibit 7. In his ALOFAR, the petitioner claimed that (1) the judge's instruction on malice was faulty; (2) the trial judge abused his discretion in denying the petitioner's motion to set aside the verdict; (3) the petitioner's motion for a required finding of not guilty should have been allowed where the evidence did not demonstrate a sufficient intent to support a conviction for murder; and (4) ineffective assistance of counsel, on the grounds that counsel (a) failed to object to an instruction regarding consciousness of guilt and (b) failed to object to language in a supplemental instruction on malice. *See* Supp. Ans., Exhibit 7. The petitioner's ALOFAR was denied on April 27, 2005. *See Commonwealth v. Jose Luis Cabrera*, 444 Mass. 1101 (2005)(table), Supp. Ans., Exhibit 8.

**The Instant Federal Habeas Petition**

The petitioner filed the instant petition for writ of habeas corpus on or about June 6, 2005. The petitioner raises five claims in his petition for a writ of habeas corpus, namely that:

(A) the trial judge's instructions to the jury on the issue of malice were faulty (Ground One)[3];

(B) the petitioner's motion for a required finding of not guilty should have been granted where the evidence did not demonstrate a sufficient intent to support a conviction for murder (Ground Two); (C) ineffective assistance of counsel, on the grounds that defense counsel (1) "failed to object to the consciousness of guilt instruction," (2) "failed to object to a supplemental instruction on malice," (3) "failed to raise the issue of the victim's reputation on direct examination," (4) failed to "follow upon the medical examiner's testimony," and (6)[4] "made other numerous mistakes" (Ground Three); (D) "the prosecutor unfairly biased the jury against [the petitioner]" (Ground Four); and (E) the trial court committed reversible error by refusing to permit defense counsel to inquire as to the petitioner's knowledge of the victim's reputation (Ground Five).

## ARGUMENT

The instant habeas petition should be denied because the petitioner has failed to exhaust his state court remedies. Specifically, the petitioner has failed to present Ground Five of the instant petition and significant portions of Ground Three of the petition to the SJC in any form, while Ground One and Ground Four were never to presented to the SJC as federal constitutional

---

[3] The petitioner does not assert a constitutional basis for this claim other than to insert, in the last paragraph of his argument on this claim, the allegation that "[t]he conviction of the [petitioner] based upon faulty instructions violated due process and deprived him of a fair trial. [The petitioner's] conviction of murder violates his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States . . . ." See Petitioner's Writ of Habeas Corpus Memorandum, p. 22.

[4] Number 5 is omitted in the memorandum in support of the petition. See Petitioner's Memorandum, pp. 37-38.

questions.[5]

### A. Standard

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy,* 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte,* 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The longstanding exhaustion requirement[6], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Ex parte Royall,* 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied* 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele*, 850 F.2d at 819.

---

[5] As is set forth in Section B, below, the fact that the petitioner may have exhausted his claims on one or more of the other grounds he raises in support of his petition does not rescue his petition from dismissal. The law is clear that a "mixed" petition, *i.e.*, one which contains both exhausted and unexhausted claims, must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982).

[6] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

It is the petitioner's heavy burden to demonstrate that his now-claimed federal errors were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). The theory that the petitioner advances in his habeas petition must be the same as that relied upon in state court. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987). Further, in order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with evidence of the federal nature of his claim, such as:

> "specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character . . . such as would in all likelihood alert a reasonable jurist as to the existence of a federal question."

*Nadworny,* 872 F.2d at 1101. "The fewer the [federal] trappings that adorn a petitioner's state court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson*, 131 F.3d at 262.

**B.    The Petition Should Be Dismissed Because Ground Five of the Petition and Substantial Portions of Ground Three of the Petition Were Never Presented to the SJC in Any Form.**

In Ground Five of his petition, the petitioner claims that the trial court committed reversible error in refusing to permit defense counsel to inquire as to the petitioner's knowledge of the victim's reputation. *See* Petitioner's Memorandum, pp. 45-47. The petitioner did not present either the factual underpinnings of this argument or the constitutional basis for this assertion in his ALOFAR presented to the SJC. *See generally* Supp. Ans., Exhibit 7. Likewise, although the petitioner did assert an ineffective assistance of counsel claim in his ALOFAR, he

did not argue that counsel either "failed to raise the issue of the victim's reputation on direct examination," failed to "follow up on the medical examiner's testimony," or "made other numerous mistakes," as he now asserts in his habeas petition. *Compare* Supp. Ans., Exhibit 7 *with* Petitioner's Memorandum, pp. 33-40.

Claims which are not brought before the SJC are deemed unexhausted, and cannot provide the basis for federal habeas relief. To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988)**,** quoting *Gagne,* 835 F.2d at 7. *Accord Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823. Moreover, every claim in a federal habeas petition must have been exhausted. *Rose,* 455 U.S. at 518-19. If a petition is "mixed" -- that is, contains both exhausted and unexhausted claims, it must be dismissed. *Id.*

Here, Ground Five and substantial portions of Ground Three of the petition were never presented to the SJC, Massachusetts' highest court. As to the ineffective assistance of counsel claim, the petitioner has added new facts and new theories to his claim for relief, and, as such, has not provided the state courts with the first opportunity to correct the alleged constitutional error of which he now complains. The law is well-settled: "[t]he exhaustion requirement is not satisfied if a petitioner presents . . . new factual allegations in federal court that transform his claim or cast it in a significantly different light." *Domaingue v. Butterworth, et al.,* 641 F.2d 8,

7

12 (1st Cir. 1981); *see also Scarpa*, 38 F.3d at 6 (to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of both *the factual* and legal underpinnings of the claim.")(emphasis added).  Thus, since the habeas petition contains unexhausted claims, it must be dismissed. *See Rose,* 455 U.S. at 510, 518-19.  *See also Picard v. Connor*, 404 U.S. 270, 275 (1971)("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford,* 339 U.S. 200, 204 (1950)).

> C.  **The Petition Should Be Dismissed Because Grounds One and Four of the Petition Were Never Presented to the SJC as Federal Constitutional Questions.**

In addition to being subject to dismissal because Ground Five and parts of Ground Three were never presented to the SJC, the habeas petition is also subject to dismissal because Grounds One and Four of the petition were not presented to the SJC as federal constitutional questions.  It is not sufficient for a petitioner to rest on a bare suggestion of a federal claim in his ALOFAR; rather, the petitioner must set forth an analysis in his ALOFAR which is "likely to alert the court to the claim's federal nature." *Nadworny*, 872 F.2d at 1098, *quoting Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2nd Cir. 1982)(en banc), *cert. denied,* 464 U.S. 1048 (1984).  It is not enough that all of the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6, (1982); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971).  *See also Duncan*, 513 U.S. at 366.  Rather, "the exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.  The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.  Oblique references

[that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." *Martens*, 836 F.2d at 717.

Here, while the factual bases of the arguments the petitioner makes in support of Grounds One and Four were before the SJC, the claims were never presented to the SJC as federal constitutional claims. The arguments in support of these claims in the petitioner's ALOFAR relied exclusively on state law, and did not contain any constitutional analysis or citation to established Supreme Court caselaw. *See Adelson*, 131 F.3d at 263 ("the mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim"); *Gagne*, 835 F.2d at 8; *Dougan*, 727 F.2d at 201. Since the petitioner never brought these claims to the SJC as federal constitutional claims, they are not exhausted, and his petition must be dismissed. *See Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988)("[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all the claims asserted in the petition having been exhausted in the state courts").

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that several claims in the petition have not been exhausted in the state court.

Respectfully submitted,

STEVEN O'BRIEN,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Maura D. McLaughlin
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau, Appellate Division
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: September 7, 2005


**Certificate of Service**

I hereby certify that on September 7, 2005, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Jose Luis Cabrera, petitioner *pro se*, N.C.C.I. Gardner, P.O. Box 466, 500 Colony Road, Gardner, Massachusetts 01440.


/s/ Maura D. McLaughlin
Maura D. McLaughlin