UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S.DISTRICT COURT                                U.S.CIVIL ACTION
                                                  NO.U.S.05-40087-FDS

JOSE LUIS CABRERA
(PETITIONER)

V.

STEVEN O'BRIEN
(RESPONDENT)

### PETITIONER'S OPPOSITION TO THE RESPONDENT MOTION AND MEMORANDUM OF LAW TO DISMISS THE PETITIONER WRIT OF HABEAS CORPUS ,FILED ON SEPTEMBER 7/2005:

The pro-se petitioner ,Jose Luis Cabrera hereby files an opposition against the Respondent's Steven O'Brien Motion to Dismiss,his counsel assistance attorney General ,who opposes the petition for a Writ of Habeas Corpus 28 U.S.C.A.2254,taht is subject of the caption action. The pro-se petitioner is a state prisoner has demonstrated that the claims in his petition warrant extraordinary relief of a Writ of Habeas Corpus. On September 7/2005 respondent's filed a motion and memorandum of law to dismiss the petitioner petition. The petitioner prays that his petition should be granted,as resons set forth in the following. and also the petitioner attached ,his motion,affidavit and memorandum to amend his petition,reason set forth in the following....

PRIOR PROCEEDING:

1)On Febraury 15/2001 the Petition Jose Luis Cabrera ,was convicted in state court for murder in the second degree,and sentenced to M.C.I.Cedar Junction for Life (C.A.4,12) Attached docket entry of the trial court.Will be respondent's Supplemental answer exhibit-1): which are already before the court.

2) On February 26/2001 Notice of Appeal was filed,(C.A.4.,13).EXH-1) 2/.

3) On March 3/2005 Commonwealth V.Cabrera A.C.NO.03-P-24,Judgement affirmed denying ,On Consolidated Appeal From Judgment and an Order of the Superior Court Department. (C.A.14).EXH-4,4a 2/.

4) On April 27/2005,FAR NO.-14723(C.A.15),Application for Further Appellate Review,was denied.EXHIBIT-8). 2/.

5) On June 6/2005 petitioner pro-se filed instant petition for Writ of Habeas Coprus.

6) On September 7/2005 Respondent filed a motion to dismiss,petition for writ of habeas corpus,wherefore some of the issues presented had not been fully exhausted in the state highest court.

   On April 27/2005 FAR NO.14723,Commonwealth V.Jose Luis Cabrera 63 Mass.App.Ct.1104,823,N.E.2d,435,(2005).(C.A. Page    . Supreme Judicial Court denied the application for further appellate review. The petitioner filed a timely Habeas Corpus petition 28 U S.C.A.2254 on June 6/2005,The respondent filed on September 7/2005 Motion and memorandum to Dismiss,pursuant to F.Civ.R.12(b)(6) also filed next day September 8/05) their answer to petition through counsel the respondent stated in supplemental Rule 5 materials,as following...

> In accordance with rule 5 of Habeas Corpus
> Rules, the resondent states that,based on
> her preliminary review,the petition appears
> to be timely filed ,28 U.S.C.A.¶2244(d).
> The petitioner appears to have not exhausted
> all his state court remedied before filing his
> petition.28 U.S.C.A.¶2254(b).""Further,the
> states this petition should be dismiss.See
> Attached Motion to Dismiss,filed on September
> 7/2005.

I. <u>CABRERA IS ENTITLED TO DE NOVO REVIEW</u>:

---

2/Note;    C.A.4,13.-14-15 are also Respondent Supplemental exhibits C.A.4,13 are exh-1).C.A.14 is exh-4,4a;C.A.15 is exh-8).

I. <u>THE STATE COURT'S DECISION DENYING CABRERA RELIEF ON CLAIMS,TRIAL JUDGE PRECLUDED THE JURY FROM REACHING A VERDICT OF MANSLAUGHTER WHERE HIS SUPPLEMENTAL INSTRUCTIONS ON MALICE PERMITTED THE JURY TO CONVICT THE DEFENDANT OF MURDER WITHOUT TAKING INTO ACCOUNT THE MITIGATING FACTORS OF SUDDEN COMBAT AND EXCESSIVE USE OF FORCE IN SELF-DEFENSE.</u>

II. <u>TRIAL JUDGE ABUSED HIS DISCRETION IN DENYING DEFENDANT'S MOTION TO SET ASIDE THE VERDICT,PURSUANT TO MASS.R.CRIM.P.25(b)(2):</u>

  A. The Trial Judge Erred In Finding The Jury's Verdict Consonant With Justice.

  B. The Trial Judge Erred When He Declined To Consider Whether The Defendant Was Prejudiced By The Prosecutor's Improper Closing Argument.

  C. The Trial Judge Erred When He Declined To Consider Whether Erroneous Supplemental Jury Instructions Precluded The Jury From Reaching A Verdict of Manslaughter.

III. <u>JOSE LUIS CABRERA'S MOTION FOR A REQUIRED FINDING OF NOT GUILTY SHOULD HAVE BEEN ALLOWED WHERE THE EVIDENCE DID NOT DEMONSTRATE A SUFFICIENT INTENT TO SUPPORT A CONVICTION FOR MURDER.</u>

IV. <u>DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL:</u>

.....all the above I thru Iv should be reviewed De Novo because,there was no adjudication on the merits of Clement's Federal Claims.

It is clear in this case at bar,this court should allowed all amendments as to the petition under 28 U.S.C.A.2254, since the claims stated in the above is currently and timely submitted even with the amendments, It is certainly true the state will not be prejudice if allowed. It is further state should have no objections of Federal Jurisdiction to over look ,any error or mistake,that the State court may have made.

(4)

In order for the "Presumption of correctness" to apply, a state court decision must;

(1) Be the product of a fair state court "adjudication "of the federal legal issue;

(2) Be the product of a full state court adjudiciation in that it addresses not only the claim but also the issue of federal law; and

(3) Have resulted in a decision.

The state court decision is not entitled to any presumption or consideration if the state's adjudication was distorted by mistake,or completely disregarding Supreme Court case law. See e.g. Hameen V.Delaware 2000,WL 631249,at 21-22(3d cir.May 17/2000) (state court's decision was not adjudiciation on merits because analysis was distorted by mistaken view that the Supreme Court had already rejected identical argument.) Hogan V.Gibson 197 F.3d 1297 1302 n.2.1305-6 (10th cir.1999)(Oklahoma State court's analysis of jury instruction claims under Beck V.Alabama 447 U.S.625 (1980), constituted such "Gross deviation from,and disregard for,the court's rule in Beck ,that it cannot constitute"Adjudiciation of Hogan's Beck claim on the merits."Sincer the state court did not decide the claims on its merits.,we review the district court's conclusion of law de novo and factualfinding,if any for clear error.").

As such,if the state court's decision is not fair" Adjudiciation"the federal court is free to review state court's legal decision de novo.Miller V.Johnson 200 F 3d.274,281,n.4,(5th cir.2000). The Supreme Court specifically addressed this issue,and held that the limitation of review in AEDPA cases pursuant to 28 U.S.C.sec. 2254(d.)(1)applies on to issues that have been "adjudicated on the merits in the state court and review is de novo when there has been

(5)

no clear adjudiciation on the merits."Id.

In the Fifth Circuit,the Miller ,court set out three factors to consider when evaluting whether the state court's decision is a true "adjudication"on the merits of petitioner claims; (1)review what the state courts have done in similar cases;(2) consider whether the case history suggests that the state court's recognized any ground for not resolving the case on the merits. The Supreme Court adopted the Miller factor ,Jackson V.Johnson,be denying a certiorara petition by the government after the federal court concluded,using the Miller factors that the state court decision was not an adjudiciation entitled to any difference,pursuant to 28 U.S.C.A.2254(d)(1).Jackson V.Johnson 194 F.3d,641,651,(5th cir.1999 CERT.DENIED(120)S.CT.1437 (2000).

Here,because the state court failed to recognized issues address ,errors of the trial judge to the trial jury,also ineffective assistance of counsel,there was no adjuducation on the merits of this claims as defined by 28 U.S.C.A.2254(d)(1),as such this court should review these legal claims de novo.

GROUND ONE: CABRERA'S RIGHTS PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED,WHERE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN HIS STATE CRIMINAL CASE.

The sixth Amendment guarantees a criminal defendant,in the state or federal jurdiction"the assistance of counsel of his defense U.S.Constitution Amendment VI.

(6)

The Supreme Court has repeatedly recognized that'[t]he right of an accused to counsel is beyond question a fundamental right."Kimmelman V.Morrison ,477 U.S.365,377 (1986).Lawyers are essential to person's accused of crimes"because they are the means through which the other rights of the person on trial are secured." United States V.Cronic 466,U.S.648,63,(1984).The Supreme Court has often emphasized the significance of counsel to criminal defendants. More the 65 years ago,the Supreme Court declared;

> "Even the intelligent and educated lawman has small and sometimes no skill in the science of law. If charged with a crime,he is incapable,generally of determining for himself whether the indictment is good or bad.He is unfamiliar with the rules of evidence.Left without the aid of counsel,he may be put on trial without a proper charge,and convicted upon incompetent evidence, or evidence irrelevent to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense,even though he had a perfect one. He requires a guiding hand of counsel at every step in the proceedings against him.Without it.Though he be not guilty,he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelliterate or those of feeble intellect. "Powell V.Alabama 278 U.S.45,69,(1932).

The Sixth Amendment does not merely guarantee counsel to persons charged with serious crimes,it requires the effective assistance of counsel.In Strickland V.Washington 466 U.S.668,(1984) the Supreme Court resolved an extended judicial debate over the proper standard for determine whether a defendant's counsel provided effective assistance. The Supreme Court established a precise two part requirement.First"the defendant must show that counsel's representation fell below and objective standard or reasonableness." Id at 688.Second,the defendant "must show that there is reasonable probability that but for counsel's unprofessional errors,the result of the proceedings would have been different A reasonable probabiility is a probability siffivient to undermine confidence in the out come."

Id at 694.Since Strickland,the Supreme Court has repeatedly applies its two-part standard in determine ineffectiveness claims.See e.g. Kimmelman V.Morrison 477 U.S.365 (1986):Darden V.Wainwright 477 U S. 168(1986):Hill V.Lockhart 474 U.S.52 (1985).

Some Courts since Strickland have misapplied its prejudice standard by condoning patently inexcusable failures by defense counsel to investigate and prepare defenses on the ground that there is no "reasonable probability"that the evidence would have affected the jury's decision. This misapplied standard is exactly what happened here.

*****(C O N C L U S I O N)*****

The petitioner states that his petition for Writ of Habeas Corpus must be granted,based on the merits as stated in his petition, and that the above citation clear and automaticly governs claims of ineffective assistance of counsel. The Respondent in this case at bar argues at great length that U.S.District Court should apply Massachusetts'test for ineffectiveness of counsel in judging the federal constitutional adequacy of the assistance rendered by petitioner's counsel in this case..It should be known though courts may differ as to the precise content of the Sixth and Fourteenth Amendment guaranty of effective assistance of counsel in criminal cases,,there is only one constitution guaranty,not fifty. The content of that guaranty is a federal question,,"Cepulonis V.Ponte 699 F.2d.573(1983). U.S.District Court is the jurisdiction to enforce the guaranty the understand it . Therefore this court should conclude that the standard of United States V.Bosch.584 F.2d.1113,1119,(1st cir 1978)governs claims of ineffective assistance of counsel in all habeas corpus petitions in this circuit,whether the underlying convictions are state or federal...

Based on the the above said attached herewith ,the petition before the court ,should be allowed ,and amendments also granted. See attached Motion to Amend,affidavit and memorandum in support thereto.

```
C/C:MARTIN CASTLES ,CLERK              RESPECTFULLY SUBMITTED
    MAURA D.McLAUGHLIN             PRO-SE Jose L Cabrera
    J/L/C/Files                           MR.JOSE LUIS CABRERA
                                          N.C.C.I.GARDNER
                                          P.O.BOX 466
                                          500 COLONY RD.
                                          GARDNER MASS.01440
```

CERTIFICATE OF SERVICE
   I Jose Luis Cabrera certify that I have served the above said attached herewith,upon the respondent attorney ,to Maura D.McLaughlin,A.A.G.at One Ashburton PLace,Boston Mass. 02108,sent by first class mail postage prepaid on this 9th day of September 2005; Signed under the pains and penalties of perjury;

Jose L Cabrera
MR.JOSE LUIS CABRERA
N.C.C.I.GARDNER
P.O.BOX 466
500 COLONY RD.
GARDNER MASS.01440