UNITED STATES DISTRICT COURT

JOSE LUIS CABRERA
(PETITIONER)

    V.                             U.S.CIVIL ACTION NO.05-40087-FDS

STEVEN O'BRIEN
(RESPONDENT)

### PETITIONER MEMORANDUM OF LAW
### IN SUPPORT OF HIS MOTION AND AFFIDAVIT TO AMEND
### HIS PETITION :PURSUANT TO 28 U.S.C.A.2254 FILED
### ON JUNE 6/2005:

The petitioner Jose Luis Cabrera pro-se ,as state prisoner,submits this memorandum of law in support of his motion to amend his petition,28 U.S.C.A.2254,to include only those claims which are exhausted. As this memorandum explains,the petitioner has filed a mixed Habeas Corpus petition,containing both exhasted and unexhausted claims, The respondent attorney filed on September 7/ 2005 Motion to Dismiss,pursuant to F.R.CIVIL P.5,stating the is mixed,with unexhausted claims.:Also the next day respondent filed their answer to petition with supplemental answer Rule 5.Exhibit's. filed on September 8/2005,also stating in a affirmative defense petition should be dismiss as mixed.Since the statute of limitations has otherwise run,dismissal of the petition pending exhaustion of all claims would result in the petitioner's being prohibited from refiling at a later date.See 28,U.S.C.A.2244(d)(1):Further the respondent's Consequently,this court should order the petitioner to amend his petition to include only those claims which are already exhausted so that the case may proceed in due course".

(2)

      Based on the respondent's Motion and Memorandum,the petitioner direct this court's attention to his attached affidavit in support,and the court should allowed the petitioner motion to amend his pro-se  petition to include on those claims which are already exhausted in the state court. Petitioner request that his motion to amend his petition 28 U.S.C.A.2254 be allowed,and further granted 30 days to refile his petition with only include exhausted claims.See attached Motion and opposition to respondent motion to dismiss.

      Based on the above said is true and further signed under the pains and penalties of perjury on this 9th day of September:

```
                         RESPECTFULLY SUBMITTED
                 PRO-SE  ꭙ꯭ꮤ  ꄯ  Cꭺbꭅꭼꮶ
                         MR.JOSE LUIS CABRERA
                         N.C.C.I.GARDNER
                         P.O.BOX 466
                         500 COLONY RD.
                         GARDNER MASS.01440
```

17



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

September 8, 2005

**Via Hand Delivery**

Clerk of Courts
United States District Court,
    District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, Massachusetts 02210

      Re:    Jose Luis Cabrera v. Steven O'Brien
             <u>Civil Action No. 05-40087-FDS</u>

Dear Sir or Madam:

    Enclosed for filing please find:

1.    Respondent's Answer and Affirmative Defenses; and

2.    Respondent's Supplemental Answer.

    Please do not hesitate to contact me if you have any questions regarding the enclosed.
Thank you for your attention to this matter.

                  Very truly yours,

                  *Maura D. McLaughlin*

                  Maura D. McLaughlin

cc:    Mr. Jose Luis Cabrera

*18*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE LUIS CABRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-40087-FDS |
| | ) | |
| STEVEN O'BRIEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Steven

O'Brien, through counsel, answers the numbered paragraphs of the petition for writ of habeas

corpus as follows:

1.      Admitted.

2.      The respondent admits that the date of the conviction was February 5, 2001. The

respondent is without knowledge or information sufficient to either admit or deny the remaining

allegations contained in paragraph 2 of the petition, and calls upon the petitioner to prove same.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

19

9(a-b).  Admitted.

9(c).    The respondent admits that the decision of the Massachusetts Appeals Court with respect to the petitioner's appeal was dated March 3, 2005.  Further answering, the respondent states that the citation for the Appeals Court's decision is *Commonwealth v. Jose Luis Cabrera,* 63 Mass. App. Ct. 1104 (2005)(table).  A copy of this decision is attached to the supplemental answer, filed herewith, as Exhibit 6.

9(d).    Denied.  Further answering, the respondent states that the issues raised in the petitioner's brief to the Massachusetts Appeals Court are set forth in the brief itself, which is attached to the Supplemental Appendix, filed herewith, as Exhibit 4.

9(e)(1-3).  Admitted.  Further answering, the respondent states that the citation to the SJC's decision on the petitioner's Application for Leave to Obtain Further Appellate Review is *Commonwealth v. Jose Luis Cabrera*, 444 Mass. 1101 (2005)(table).  A copy of this decision is attached to the Supplemental Appendix, filed herewith, as Exhibit 8.

9(e)(4).  Left blank by the petitioner.

9(f).    Left blank by the petitioner.

10.    Denied.  Further answering, the respondent states that the petitioner has filed a Motion to Set Aside Verdict After Discharge of Jury Pursuant to Mass. R. Crim. P. 25(b)(2) with respect to his conviction. *See* Supplemental Answer, Exhibits 2 and 3.

11.    Left blank by the petitioner.

12-15.  The respondent is without sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 12-15 of the petition, and calls upon the petitioner to prove same.  Further answering, the respondent states that pages 5 and 6 of the

2

petition, which contain paragraphs 12-15, were missing from both copies of the habeas corpus petition received by the respondent. Accordingly, the respondent has no knowledge of which allegations are made in paragraphs 12-15 of the petition, and cannot respond to same.

16. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which contains copies of the following documents:

1. Docket Sheet, *Commonwealth v. Jose Luis Cabrera*, Essex County Superior Court Criminal Action No. 1999-01557;

2. Defendant's Motion to Set Aside Verdict After Discharge of Jury Pursuant to Mass. R. Crim. P. 25(b)(2);

3. Endorsement Order Denying Defendant's Motion to Set Aside Verdict After Discharge of Jury Pursuant to Mass. R. Crim. P. 25(b)(2);

4. Brief and Record Appendix for the Defendant-Appellant, *Commonwealth v. Jose Luis Cabrera,* Massachusetts Appeals Court No. 2003-P-0024;

5. Brief for the Commonwealth, *Commonwealth v. Jose Luis Cabrera,* Massachusetts Appeals Court No. 2003-P-0024;

6. *Commonwealth v. Jose Luis Cabrera*, 63 Mass. App. Ct. 1104 (2005)(table);

3

7.    Application for Further Appellate Review of the Defendant-Appellant,

*Commonwealth v. Jose Luis Cabrera*,  Supreme Judicial Court; and

8.    *Commonwealth v. Jose Lara,* 444 Mass. 1101 (2005)(table).

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The petition fails to state a claim upon which relief may be granted.

### **Second Affirmative Defense**

The petition contains claims which have not been exhausted at the state court level.

Respectfully submitted,

STEVEN O'BRIEN,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau, Appellate Division
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: September 8, 2005

4

**Certificate of Service**

I hereby certify that on September 8, 2005, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Jose Luis Cabrara, petitioner *pro se*, N.C.C.I. Gardner, P.O. Box 466, 500 Colony Road, Gardner, Massachusetts 01440.

/s/ Maura D. McLaughlin
Maura D. McLaughlin



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

September 7, 2005

**Via First Class Mail**

Mr. Jose Luis Cabrera
N.C.C.I. Gardner
P.O. Box 466
500 Colony Road
Gardner, Massachusetts 01440

Re:     Jose Luis Cabrera v. Steven O'Brien
        Civil Action No. 05-40087-FDS

Dear Mr. Cabrera:

Enclosed for your files please find copies of the following documents which were electronically filed with the court earlier today:

1.     Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus; and

2.     Respondent's Memorandum of Law in Support of Motion to Dismiss Petition for Writ of Habeas Corpus.

Thank you for you attention to this matter.

Very truly yours,

Maura D. McLaughlin

24

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE LUIS CABRERA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVEN O'BRIEN, | ) |
| | ) |
| Respondent. | ) |

Civil Action No. 05-40087-FDS

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

### INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Steven O'Brien, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Jose Luis Cabrera, on the grounds that the petition fails to state a claim upon which relief may be granted.[1] As grounds for this motion, and as set forth more fully below, the petition for a writ of habeas corpus may not be granted because the federal petition contains unexhausted claims, i.e., claims which were not presented to the state's highest court before being brought to the federal court. Specifically, Ground Five of the instant petition and significant portions of Ground Three of the petition were never presented to the Massachusetts Supreme Judicial Court ("the SJC") in any form, while Ground One and Ground Four were never

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to address the merits of the remaining claim or claims in this petition.



to presented to the SJC as federal constitutional questions.   In short, the petitioner has failed to

exhaust his state court remedies with respect to four of the five claims in the instant petition,[2] and

the petition should therefore be dismissed. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509,

510 (1982).

## BACKGROUND

### Prior Proceedings

On July 28, 1999, an Essex County grand jury indicted the petitioner for the first-degree

murder of Nelson Lariano. *See* Docket Sheet for *Commonwealth v. Jose Luis Cabrera*, Essex

County Criminal Action No.1999-01557 (hereinafter, "Docket Sheet"), attached to Supplemental

Answer ("Supp. Ans."), as Exhibit 1. The petitioner was tried before a jury beginning February

5, 2001, and was convicted of second-degree murder on February 15, 2001. *See id.*   The

petitioner was sentenced to life imprisonment in the Massachusetts Correctional Institute at

Cedar Junction. *Id.*

On February 26, 2001, the petitioner filed a notice of appeal in the Massachusetts

Appeals Court, and the appeal was docketed in the Appeals Court on January 7, 2003. *See*

Docket Sheet, Supp. Ans., Exhibit 1; *see also* Brief for the Commonwealth, *Commonwealth v.*

*Jose Luis Cabrera*, 2003-P-0024, Supp. Ans., Exhibit 5. On July 18, 2003, the Appeals Court

granted the petitioner permission to file in the trial court a motion to set aside the verdict

---

[2] Both copies of the petition for a writ of habeas corpus which were received by this
office lacked pages 5 and 6 of the petition. Accordingly, the respondent does not have
knowledge of what bases for relief, if any, the petitioner has articulated in paragraph 12 of his
petition. The respondent bases this motion on the claims for relief set forth in the "Petitioner
Writ of Habeas Corpus Memorandum, Pursuant to 28 U.S.C. § 2254, By Person in State Court
Custody" (hereinafter, "Petitioner's Memorandum"), filed with the petition.

2 6

pursuant to Mass. R. Crim.P. 25(b)(2), and the petitioner filed such a motion on September 10, 2003. *See id.* The trial judge denied the motion on February 10, 2004. Docket Sheet, Supp. Ans., Exhibit 1; *see also* Supp. Ans., Exhibit 3.

On February 18, 2004, the petitioner filed a notice of appeal from the denial of his motion to set aside the verdict. Docket Sheet, Supp. Ans., Exhibit 1. On March 10, 2004, the Appeals Court consolidated that second appeal with the petitioner's direct appeal. The Appeals Court denied the consolidated appeal on March 3, 2005. *See Commonwealth v. Jose Luis Cabrera,* 63 Mass. App. Ct. 1104 (2005)(table), Supp. Ans., Exhibit 6.

The petitioner filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") on or about March 24, 2005. *See* Supp. Ans., Exhibit 7. In his ALOFAR, the petitioner claimed that (1) the judge's instruction on malice was faulty; (2) the trial judge abused his discretion in denying the petitioner's motion to set aside the verdict; (3) the petitioner's motion for a required finding of not guilty should have been allowed where the evidence did not demonstrate a sufficient intent to support a conviction for murder; and (4) ineffective assistance of counsel, on the grounds that counsel (a) failed to object to an instruction regarding consciousness of guilt and (b) failed to object to language in a supplemental instruction on malice. *See* Supp. Ans., Exhibit 7. The petitioner's ALOFAR was denied on April 27, 2005. *See Commonwealth v. Jose Luis Cabrera*, 444 Mass. 1101 (2005)(table), Supp. Ans., Exhibit 8.

### The Instant Federal Habeas Petition

The petitioner filed the instant petition for writ of habeas corpus on or about June 6, 2005. The petitioner raises five claims in his petition for a writ of habeas corpus, namely that:

3

(A) the trial judge's instructions to the jury on the issue of malice were faulty (Ground One)[3];

(B) the petitioner's motion for a required finding of not guilty should have been granted where

the evidence did not demonstrate a sufficient intent to support a conviction for murder (Ground

Two); (C) ineffective assistance of counsel, on the grounds that defense counsel (1) "failed to

object to the consciousness of guilt instruction," (2) "failed to object to a supplemental

instruction on malice," (3) "failed to raise the issue of the victim's reputation on direct

examination," (4) failed to "follow upon the medical examiner's testimony," and (6)[4] "made

other numerous mistakes" (Ground Three); (D) "the prosecutor unfairly biased the jury against

[the petitioner]" (Ground Four); and (E) the trial court committed reversible error by refusing to

permit defense counsel to inquire as to the petitioner's knowledge of the victim's reputation

(Ground Five).

## ARGUMENT

The instant habeas petition should be denied because the petitioner has failed to exhaust

his state court remedies. Specifically, the petitioner has failed to present Ground Five of the

instant petition and significant portions of Ground Three of the petition to the SJC in any form,

while Ground One and Ground Four were never to presented to the SJC as federal constitutional

---

[3] The petitioner does not assert a constitutional basis for this claim other than to insert, in the last paragraph of his argument on this claim, the allegation that "[t]he conviction of the [petitioner] based upon faulty instructions violated due process and deprived him of a fair trial. [The petitioner's] conviction of murder violates his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States . . . ." See Petitioner's Writ of Habeas Corpus Memorandum, p. 22.

[4] Number 5 is omitted in the memorandum in support of the petition. See Petitioner's Memorandum, pp. 37-38.

4



questions.[5]

### A.    Standard

It is well established that "a federal court should not consider questions posed in a habeas

petition until the 'power of the highest state court in respect to such questions' has been

exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988), *quoting United*

*States ex rel. Kennedy v. Tyler,* 269 U.S. 13, 17 (1925). *See also Rose v. Lundy,* 455 U.S. 509,

518-19 (1982); *Adelson v. DiPaola,* 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte,* 727

F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A).  The longstanding exhaustion

requirement[6], in addition to ensuring that state courts have the first opportunity to correct their

own constitutional errors made in their proceedings, enables federal courts to accord appropriate

respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between

our federal and state systems of justice." *Rose,* 455 U.S. at 518.  *See also Duncan v. Henry,* 513

U.S. 364, 365-66 (1995); *Ex parte Royall,* 117 U.S. 241, 251 (1886)(state and federal courts are

"equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois,* 38

F.3d 1, 6 (1st Cir. 1994), *cert. denied* 513 U.S. 1129 (1995); *Duckworth v. Serrano,* 454 U.S. 1, 3

(1984); *Mele,* 850 F.2d at 819.

---

[5] As is set forth in Section B, below, the fact that the petitioner may have exhausted his claims on one or more of the other grounds he raises in support of his petition does not rescue his petition from dismissal.  The law is clear that a "mixed" petition, *i.e.*, one which contains both exhausted and unexhausted claims, must be dismissed. *See Rose v. Lundy,* 455 U.S. 509, 518-519 (1982).

[6] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

27

It is the petitioner's heavy burden to demonstrate that his now-claimed federal errors were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). The theory that the petitioner advances in his habeas petition must be the same as that relied upon in state court. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987). Further, in order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with evidence of the federal nature of his claim, such as:

> "specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character . . . such as would in all likelihood alert a reasonable jurist as to the existence of a federal question."

*Nadworny,* 872 F.2d at 1101. "The fewer the [federal] trappings that adorn a petitioner's state court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson*, 131 F.3d at 262.

### B.    The Petition Should Be Dismissed Because Ground Five of the Petition and Substantial Portions of Ground Three of the Petition Were Never Presented to the SJC in Any Form.

In Ground Five of his petition, the petitioner claims that the trial court committed reversible error in refusing to permit defense counsel to inquire as to the petitioner's knowledge of the victim's reputation. *See* Petitioner's Memorandum, pp. 45-47. The petitioner did not present either the factual underpinnings of this argument or the constitutional basis for this assertion in his ALOFAR presented to the SJC. *See generally* Supp. Ans., Exhibit 7. Likewise,

6

ɔʋ

although the petitioner did assert an ineffective assistance of counsel claim in his ALOFAR, he did not argue that counsel either "failed to raise the issue of the victim's reputation on direct examination," failed to "follow up on the medical examiner's testimony," or "made other numerous mistakes," as he now asserts in his habeas petition. *Compare* Supp. Ans., Exhibit 7 *with* Petitioner's Memorandum, pp. 33-40.

Claims which are not brought before the SJC are deemed unexhausted, and cannot provide the basis for federal habeas relief. To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988), quoting *Gagne,* 835 F.2d at 7. *Accord Dougan,* 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele,* 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele,* 850 F.2d at 823. Moreover, every claim in a federal habeas petition must have been exhausted. *Rose,* 455 U.S. at 518-19. If a petition is "mixed" -- that is, contains both exhausted and unexhausted claims, it must be dismissed. *Id.*

Here, Ground Five and substantial portions of Ground Three of the petition were never presented to the SJC, Massachusetts' highest court. As to the ineffective assistance of counsel claim, the petitioner has added new facts and new theories to his claim for relief, and, as such, has not provided the state courts with the first opportunity to correct the alleged constitutional error of which he now complains. The law is well-settled: "[t]he exhaustion requirement is not satisfied if a petitioner presents . . . new factual allegations in federal court that transform his

7

claim or cast it in a significantly different light." *Domaingue v. Butterworth, et al.,* 641 F.2d 8,

12 (1st Cir. 1981); *see also Scarpa*, 38 F.3d at 6 (to present a claim sufficiently for exhaustion

purposes, "a petitioner must inform the state court of both *the factual* and legal underpinnings of

the claim.")(emphasis added). Thus, since the habeas petition contains unexhausted claims, it

must be dismissed. *See Rose,* 455 U.S. at 510, 518-19. *See also Picard v. Connor*, 404 U.S. 270,

275 (1971)("It would be unseemly in our dual system of government for a federal district court to

upset a state court conviction without an opportunity to the state courts to correct a constitutional

violation")(quoting *Darr v. Buford,* 339 U.S. 200, 204 (1950)).

C.    **The Petition Should Be Dismissed Because Grounds One and Four of the
      Petition Were Never Presented to the SJC as Federal Constitutional
      Questions.**

In addition to being subject to dismissal because Ground Five and parts of Ground Three

were never presented to the SJC, the habeas petition is also subject to dismissal because Grounds

One and Four of the petition were not presented to the SJC as federal constitutional questions. It

is not sufficient for a petitioner to rest on a bare suggestion of a federal claim in his ALOFAR;

rather, the petitioner must set forth an analysis in his ALOFAR which is "likely to alert the court

to the claim's federal nature." *Nadworny*, 872 F.2d at 1098, *quoting Daye v. Attorney General of

New York*, 696 F.2d 186, 192 (2nd Cir. 1982)(en banc), *cert. denied,* 464 U.S. 1048 (1984). It is

not enough that all of the facts necessary to support the federal claim were before the state court,

or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6, (1982);

*Picard v. Connor*, 404 U.S. 270, 276-77 (1971). *See also Duncan*, 513 U.S. at 366. Rather, "the

exhaustion requirement requires a habeas applicant to do more than scatter some makeshift

needles in the haystack of the state court record. The ground relied upon must be presented face-

8

3 2

up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." *Martens*, 836 F.2d at 717.

Here, while the factual bases of the arguments the petitioner makes in support of Grounds One and Four were before the SJC, the claims were never presented to the SJC as federal constitutional claims. The arguments in support of these claims in the petitioner's ALOFAR relied exclusively on state law, and did not contain any constitutional analysis or citation to established Supreme Court caselaw. *See Adelson*, 131 F.3d at 263 ("the mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim"); *Gagne*, 835 F.2d at 8; *Dougan*, 727 F.2d at 201. Since the petitioner never brought these claims to the SJC as federal constitutional claims, they are not exhausted, and his petition must be dismissed. *See Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988)("[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all the claims asserted in the petition having been exhausted in the state courts").

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that several claims in the petition have not been exhausted in the state court.

Respectfully submitted,

STEVEN O'BRIEN,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Maura D. McLaughlin
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau, Appellate Division
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: September 7, 2005


### Certificate of Service

I hereby certify that on September 7, 2005, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Jose Luis Cabrera, petitioner *pro se*, N.C.C.I. Gardner, P.O. Box 466, 500 Colony Road, Gardner, Massachusetts 01440.


/s/ Maura D. McLaughlin
Maura D. McLaughlin

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE LUIS CABRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-40087-FDS |
| | ) | |
| STEVEN O'BRIEN, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S MOTION TO DISMISS PETITION
## FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Steven

O'Brien, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed

by the petitioner, Jose Luis Cabrera, on the grounds that the petition fails to state a claim upon

which relief may be granted.  In support of his motion, and as is set forth more fully in the

accompanying memorandum of law, the respondent states that the petitioner has presented this

Court with a mixed petition, having failed to exhaust several of the claims stated therein.

Because the petitioner has not yet provided the state's highest court with the first opportunity to

pass on the merits of these claims, the petition should be dismissed.  28 U.S.C. § 2254(b)-(c);

*Rose v. Lundy*, 455 U.S. 509, 510 (1982).[1]

---

[1] Respondent's remaining defenses are not addressed here because the doctrine of exhaustion mandates dismissal of the petition.  In the event that this Court declines to dismiss the petition due to failure to exhaust, the respondent reserves the right, and requests the opportunity, to file an answer and assert all other applicable defenses.

WHEREFORE, the respondent respectfully requests that this Court dismiss this habeas

petition on the grounds that it is a mixed petition containing unexhausted claims.

Respectfully submitted,

STEVEN O'BRIEN,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Maura D. McLaughlin
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau, Appellate Division
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: September 7, 2005

### Certificate of Service

I hereby certify that on September 7, 2005, I caused a true and accurate copy of the above
document to be served via first class mail, postage prepaid, upon Jose Luis Cabrera, petitioner
*pro se*, N.C.C.I. Gardner, P.O. Box 466, 500 Colony Road, Gardner, Massachusetts 01440.


/s/ Maura D. McLaughlin
Maura D. McLaughlin

2

MS.MAURA D.McLAUGHLIN A.G.A.
ONE ASHBURTON PLACE
BOSTON MASS.02108


MR.JOSE LUIS CABRERA
N.C.C.I.GARDNER
P.O.BOX 466
500 COLONY RD.
GARDNER MASS.01440


IN RE:<u>JOSE LUIS CABRERA V.STEVEN O"BRIEN</u>
      <u>U.S.CIVIL ACTION.NO.2005-40087-FDS</u>

Dear Ms, Mclaughlin;

          Please fined enclosed in complaince with local rule
7.1,as stated in the following...

1)CERTIFICATE OF SERVICE COMPLAINCE WITH LOCAL RULE 7.1.

2)CERTIFICATE OF SERVICE

3)PETITIONER OPPOSITION,TO RESPONDENT MOTION TO DISMISS

4)PETITIONER MOTION ,AFFIDAVIT AND MEMORANDUM OF LAW ,TO AMEND
HIS PETITION,28 U.S.C.A.2254.

          I thank you for your time in this matter.

                                   *Jose L Cabrera*
                              _____
                              MR.JOSE LUIS CABRERA
                              N.C.C.I.GARDNER
                              P.O.BOX 466
                              500 COLONLY RD.
                              GARDNER MASS.01440


              <u>SEE ATTACHED CERTIFICATE OF</u>
         <u>COMPLAINCE WITH FEDERAL LOCAL RULE 7.1</u>

          I Jose Luis Cabrera certify pursuant to Federal Local Rule
7.1,the petitioner can not speak with the respondent attorney,Maura
D.Mclaughlin,because petitioner is incarcerated,therefore all the
above said has been sent by first class mail postage prepaid by the
petitioner,sent to Maura D.Mclaughlin at One Asburton Place,Boston
Mass.02108,sent on this 9 th day of September,2005:Signed under the
pains and penalties of perjury;    *Jose L Cabrera*
                              _____
                              JOSE LUIS CABRERA
                              N.C.C.I.GARDNER
                              P.O.BOX 466
                              500 COLONY RD.
                              GARDNER MASS.01440