UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE LUIS CABRERA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-40087-FDS |
| STEVEN O'BRIEN, | ) ) ) | |
| Respondent. | ) ) | |

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO AMEND AND RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254.[1] Petitioner Jose Luis Cabrera was convicted of second-degree murder in Massachusetts state court in 1999. He now seeks habeas relief, contending that his federal constitutional rights were violated as a result of the following errors at the trial:

1. <u>Ground One</u>: the trial judge's supplemental instruction to the jury on malice was faulty in that it (a) permitted the jury to convict him of murder without considering any mitigating factors; (b) permitted the jury to believe that excessive force in self-defense justified a murder verdict; and (c) improperly shifted the burden of proof to him;

2. <u>Ground Two</u>: the trial judge erred by denying petitioner's motion for a required finding of not guilty based on insufficiency of the evidence;

---

[1] The petition filed by Cabrera contains only pages 2, 3, 4, and 7. Among the pages missing from his filing is the page that sets forth his stated grounds for relief. Petitioner, however, has filed a memorandum in support of his petition in which he sets forth various grounds. For present purposes, both this Court and the respondent have assumed that the grounds for relief asserted in the petition are identical to those stated in his supporting memorandum.

3. <u>Ground Three</u>: petitioner received ineffective assistance of counsel because counsel (a) "failed to object to the consciousness of guilt instruction"; (b) "failed to object to a supplemental instruction on malice"; (c) "failed to raise the issue of the victim's reputation on direct examination"; (d) failed "to follow up on the medical examiner's testimony" regarding inconsistencies between the alleged murder weapon and a cut found on the victim; and (e) "made numerous other mistakes."

4. <u>Ground Four</u>: prosecutorial errors unfairly biased the jury against petitioner; and

5. <u>Ground Five</u>: the trial judge erred by refusing to permit defense counsel to inquire as to petitioner's knowledge of the victim's reputation.

Respondent asserts that petitioner has failed to exhaust his state court remedies with respect to most of the grounds for relief asserted in the petition. Specifically, respondent asserts that Ground Five and portions of Ground Three were never presented to the Massachusetts Supreme Judicial Court and that neither Ground One nor Ground Four was presented to the SJC as a federal question. Respondent argues that because petitioner has presented this Court with a mixed petition, *i.e.,* a petition that contains both exhausted and unexhausted claims, the petition must be dismissed. Petitioner, who is proceeding *pro se*, has filed a motion to amend his petition in order to delete all unexhausted claims.

**I.   Background**

Petitioner was convicted on February 15, 2001, in Superior Court of murder in the second degree. *Commonwealth v. Cabrera*, 63 Mass.App.Ct. 1104 (2005) (unpublished opinion) (hereafter cited as 2005 WL 498247). He appealed his conviction to the Massachusetts Appeals Court on the following grounds:

2

1.      The trial judge's supplemental instruction to the jury on murder and manslaughter constituted reversible error where it (a) permitted the jury to convict petitioner without considering mitigating factors; (b) permitted the jury to believe that excessive force in self-defense justified a murder verdict; and (c) improperly shifted the burden of proof to petitioner.  Petitioner argued that the erroneous instruction violated his federal due process rights.

2.      Petitioner's motion for directed verdict should have been granted where the evidence did not demonstrate sufficient intent to support a murder conviction and failed to establish beyond a reasonable doubt that he acted with malice and that the killing did not occur in the heat of sudden combat or involve excessive use of force in self-defense.  Petitioner did not argue that the error violated any federal constitutional right, although he did argue that, in light of the Commonwealth's failure to prove the existence of malice, his conviction violated federal due process.

3.      Defense counsel was ineffective because he (a) failed to object to the consciousness of guilt instruction; (b) failed to object to a supplemental instruction on malice that improperly shifted the burden of proof to petitioner; (c) failed to raise the issue of the victim's reputation on direct examination, thus precluding raising it on re-direct; (d) failed to follow up on the medical examiner's testimony regarding inconsistencies between the alleged murder weapon and a cut found on the victim; and (e) committed numerous other mistakes, including (1) failing to try the case as one of self-defense; (2) failing to object to the entry of autopsy photos; (3) failing to object to, or move to strike, leading questions by the

3

prosecutor; (4) failing to authenticate and introduce evidence of a police dispatcher recording or challenge an automobile accident injury that would have cast doubt on a witness's credibility; and (5) failing to require one witness to testify through a translator. Petitioner cited the Sixth Amendment and *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984) in support of his ineffective assistance of counsel claims.

       4.      The prosecutor unfairly biased the jury against petitioner through various acts of misconduct, including arguing facts that were not in evidence. Petitioner argued that the cumulative effect of the prosecutor's errors deprived him of a fair trial in violation of his federal due process rights.

       5.      The trial judge erred by refusing to permit defense counsel to inquire as to petitioner's knowledge of the victim's reputation for being quarrelsome and violent. Petitioner argued that the court's refusal to permit such inquiry on redirect deprived him of a fair trial and violated his federal due process rights.

In a supplemental brief to the Appeals Court, petitioner further argued that the trial judge abused his discretion in denying his motion for a directed verdict when the judge (1) ruled that the jury's verdict "was consonant with justice," where the evidence showed that petitioner was in fear of attack or aggression from the victim prior to the killing, and therefore, the verdict should have been reduced to manslaughter; (2) declined to consider the issue of whether an erroneous supplemental jury instruction prevented the jury from reaching a verdict of manslaughter; (3) declined to address the issue of whether he was unduly prejudiced by errors made by the prosecutor in his closing statement; and (4) declined to consider whether defense counsel should

have been allowed to inquire of witnesses as to Mr. Cabrera's knowledge of the victim's reputation. Petitioner did not cite any federal constitutional provision or any federal case law with respect to these issues.

The Appeals Court affirmed the conviction. First, the court found that the evidence, when viewed in a light most favorable to the Commonwealth, was sufficient to establish beyond a reasonable doubt that "[petitioner] committed an intentional, unexcused and unjustified killing of [another] with malice aforethought," that is, second degree murder. *Cabrera*, 2005 WL 498247 at *1. The court accordingly concluded that the trial judge did not abuse his discretion when he denied petitioner's motion for directed verdict. Second, the court concluded that the supplemental instruction concerning malice was a proper response to questions submitted by the jury. Third, the court found no error in the trial judge's refusal to allow defense counsel to conduct redirect examination concerning his knowledge of the victim's reputation, because the proposed questioning was beyond the scope of cross-examination. Fourth, the court found that there was no error in the prosecutor's closing argument, considering it in its entirety: "the prosecutor's closing argument reflects proper advocacy thoroughly based in the evidence and reasonable inferences; it does not appeal improperly to sympathy or seek to inflame the jury." *Id.,* at *3. Fifth, the court concluded that because of its ruling on the supplemental instructions and the failure to permit re-direct examination, counsel was not ineffective for failing to object to either issue. Finally, the court concluded that counsel was not ineffective for failing to request a consciousness of guilt instruction or for any other reason cited by the petitioner.

Petitioner filed an Application For Leave to Obtain Further Appellate Review ("ALOFAR") with the Supreme Judicial Court. Petitioner raised the following grounds for relief in his ALOFAR:

5

1. Whether the interests of justice demand that a new trial be granted where the supplemental jury instruction (a) permitted the jury to convict him of murder without considering any mitigating factors; (b) permitted the jury to believe that excessive force in self-defense justified a murder verdict; and (c) improperly shifted the burden of proof to him.  Petitioner did not argue that this error violated any federal constitutional right, and (except as to the burden of proof claim) did not cite to any Supreme Court or other federal precedent.

2. Whether the trial judge erred in denying his motion for directed verdict where (a) the jury's verdict was not consonant with justice because the weight of the evidence did not support a finding of malice; (b) the prosecutor's closing argument was unfairly prejudicial; and (c) the trial judge's erroneous supplemental jury instruction precluded the jury from reaching a manslaughter verdict.  Petitioner did not argue that this error violated any federal constitutional right, nor did he cite to any Supreme Court or other federal precedent.

3. Whether the motion for required finding of not guilty should have been allowed where there was insufficient evidence of malice to send the case to the jury.  Petitioner argued that the denial of the motion violated his federal due process rights.

4. Whether petitioner did not have effective assistance of counsel where counsel failed to object to a consciousness of guilt instruction and failed to object to burden-shifting language in the trial judge's supplemental instruction on malice.  Petitioner argued that counsel's performance was constitutionally defective, citing *Strickland*.

The SJC denied Petitioner's ALOFAR without opinion. *Commonwealth v. Cabrera*, 444 Mass. 1101 (2005) (table).

**II.    Analysis**

    **A.    The Exhaustion Doctrine**

A federal court may not consider an application for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his or her state court remedies with respect to all claims raised in such application. *See* 28 U.S.C. § 2254 (b); *see also Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982). In order to satisfy the exhaustion requirement, a petitioner must establish that the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 276-277, 92 S.Ct. 509 (1971)). It is the petitioner's burden to demonstrate that all claims asserted in his petition are exhausted. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002) (petitioner bears "heavy burden" of demonstrating satisfaction of exhaustion requirement).[2]

Where a petitioner has presented both exhausted and unexhausted claims, *i.e.*, filed a so-called "mixed petition," his petition must be dismissed unless he agrees to dismiss the unexhausted claims (forever forfeiting the right to federal habeas review of such claims). The petitioner may also request that the petition be dismissed to permit him to return to state court and pursue the unexhausted claims.

---

[2] Petitioner does not contest respondent's assertion that he has failed to exhaust his state court remedies with respect to the challenged claims. Nonetheless, because petitioner is proceeding *pro se*, the Court will independently review the challenged claims and determine whether they have been exhausted.

In this case, petitioner has filed a motion to amend his petition to delete all unexhausted claims. That motion will be granted; the only question is which claims are not exhausted.

### B. Whether the Claims Set Forth in Ground Five and Ground Three Have Been Exhausted

Ground Five asserts that the trial judge erred by refusing to let defense counsel make inquiry of witnesses concerning petitioner's knowledge of the victim's reputation. Although petitioner raised this claim in his appeal to the Appeals Court, he did not include it in his ALOFAR. Because the issue was not presented to the state's highest court, it is not exhausted.

Ground Three asserts that he did not receive effective assistance of counsel because his counsel (1) failed to object to the consciousness of guilt instruction; (2) failed to object to a supplemental instruction on malice; (3) failed to raise the issue of the victim's reputation on direct examination; (4) failed to follow up on the medical examiner's testimony; and (5) "made numerous other mistakes." While petitioner raised all of these claims in his appeal to the Appeals Court, only the first two (failure to object to the consciousness of guilt instruction and failure to object to the supplemental instruction) were raised in his ALOFAR. Therefore, petitioner's other three claims of ineffective assistance (failure to raise the issue of the victim's reputation on direct examination, failure to follow up on the medical examiner's testimony, and "making numerous other mistakes") were not presented to the state's highest court and are not exhausted.

### C. Whether Grounds One and Four Were Presented to the SJC as Federal Constitutional Issues

The exhaustion doctrine requires that a petitioner present the federal nature of his claim to the state's highest court. *Goodrich v. Hall*, 448 F.3d 45, 47 (1st Cir. 2006). A petitioner may satisfy this requirement by "(1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such a manner that it likely alerted the state court to

8

the claim's federal nature; (3) reliance on federal constitutional precedents; . . . (4) claiming a particular right specifically guaranteed by the Constitution; and (5) asserting a claim in terms of state law, where such claim is indistinguishable from one arising under federal law." *Id.* at 48 (citation and internal quotation marks omitted). Where a prisoner presents his claim to the state's highest court, but does not express the claim as a federal constitutional issue, that claim has not been exhausted and federal habeas review is generally barred.

Ground One has three components.[3] First, petitioner asserts that the trial judge's supplemental instruction to the jury permitted the jury to convict him of murder without considering any mitigating factors. Petitioner raised the claim in his ALOFAR, but did not assert that the instruction was constitutionally defective, nor did he cite any Supreme Court or other federal precedent. Furthermore, none of the state court cases included in the petitioner's discussion of this claim cited federal constitutional law with respect to the issues for which they were cited. Therefore, as to this issue, petitioner failed to present the federal nature of his claim to the SJC and it is not exhausted.

Second, petitioner contends that the supplemental instructions permitted the jury to believe that excessive force in self-defense justified a murder verdict. Petitioner raised the claim in his ALOFAR, but did not assert that the instruction was constitutionally defective, nor did he cite any Supreme Court or other federal precedent. Furthermore, none of the state court cases included in the petitioner's discussion of this claim cited federal constitutional law with respect to

---

[3] In denying petitioner's appeal, the Appeals Court did not address whether the supplemental jury instruction was constitutionally defective. Rather, the court focused on whether the trial judge properly tailored his response to the questions posed by the jury. In his ALOFAR, petitioner addressed both the conclusion of the Appeals Court and (although to a lesser extent than in his appeal) the substance of the trial judge's supplemental instruction.

the issues for which they were cited.[4]  Therefore, as to this issue, petitioner failed to present the federal nature of his claim to the SJC and it is not exhausted.

Third, petitioner contends that the trial judge's supplemental instruction erroneously shifted the burden of proof.  With respect to this claim, although petitioner did not expressly argue in his ALOFAR that his federal constitutional rights were violated, he did cite to *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450 (1979), which expressly addresses the constitutionality of jury instructions that shift the burden of proving an essential element of a crime to the defendant.  Although it is a close call, the Court finds that petitioner alerted the SJC to the federal nature of this claim.

Ground Four asserts that prosecutorial misconduct unfairly biased the jury against him in violation of his due process rights.  In his brief to the Appeals Court, the petitioner argued that the misconduct violated his federal constitutional rights.   However, in his ALOFAR, petitioner did not raise prosecutorial misconduct as an independent claim.  Rather, he asserted that the trial judge abused his discretion in denying his motion to set aside the verdict, because the judge did not consider whether he was prejudiced by the prosecutor's closing argument.  In other words, in his appeal, petitioner focused on whether the prosecutor's actions violated his right to a fair trial.  In his ALOFAR, on the other hand, he focused on the trial judge's conduct; specifically, whether the trial judge abused his discretion in refusing to address this issue when denying his motion for a required finding of not guilty.  Under these circumstances, the Court finds that petitioner did not present the legal and factual underpinnings of Ground Four to the SJC.  *See Jackson v. Coalter*,

---

[4] The analysis of the issues contained in these state court cases are not the equivalent of a federal constitutional analysis. *See Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 47 (1991) (under federal law, supplemental jury instructions and responses to jury inquiries do not rise to level of a constitutional violation unless those erroneous instructions "so infect[ ] the entire trial that the resulting conviction violates due process.").

337 F.3d 74 (1st Cir. 2003) (where petitioner claims that he is entitled to habeas relief because trial judge's failure to give him hearing on his motion to vacate his conviction violated his Fifth Amendment due process rights, but framed the issue to the SJC in the context of Sixth Amendment ineffective assistance of counsel claim, matter has not been fully adjudicated by state court and therefore, claim is not exhausted). Therefore, Ground Four of the Petition is not exhausted.

### D.   Summary

In summary, petitioner's motion requesting that his petition be amended to include only those claims that are exhausted will be granted. Petitioner has failed to exhaust his state court remedies with respect to: (1) the claims in Ground One that the trial judge's supplemental instructions were constitutionally defective because they (a) permitted the jury to convict him of murder without considering any mitigating factors, (b) permitted the jury to believe that excessive force in self-defense justified a murder verdict; (2) the claims in Ground Three that he received ineffective assistance of counsel as the result of his lawyer having (a) failed to raise the issue of the victim's reputation on direct examination, thus precluding raising it on re-direct, (b) failed to follow up on the medical examiner's testimony regarding inconsistencies between the alleged murder weapon and a cut found on the victim, and (c) "made numerous other mistakes"; (3) the claim in Ground Four; and (4) the claim in Ground Five. What remains is one of the claims in Ground One (the claim that the supplemental instruction improperly shifted the burden of proof); the claim in Ground Two; and two of the claims in Ground Three (the claim of ineffective assistance of counsel based on the failure to object to the consciousness of guilt instruction and the claim of ineffective assistance based on the failure to object to the supplemental instruction on malice).

### III.     Conclusion

Petitioner's Motion to Amend His Petition to Include Only Exhausted Claims (Docket No. 13) is GRANTED. On or before October 31, 2006, petitioner shall amend the petition to include only those claims that this Court has determined have been exhausted. Because petitioner's original petition is missing certain pages, he is also granted leave to correct the petition.

Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus (Docket No. 9) is DENIED.

**So Ordered.**

                                            /s/ F. Dennis Saylor
                                            F. Dennis Saylor IV
                                            United States District Judge

Dated: September 20, 2006