UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSE LUIS CABRERA,
Petitioner,
v.
STEVEN O'BRIEN,
Respondent.

Civil Action No. 05-40087-FDS

**RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

**INTRODUCTION**

The respondent, Steven O'Brien, hereby submits the following memorandum of law in opposition to the petition for a writ of habeas corpus filed by the petitioner, Jose Luis Cabrera (hereinafter, "the petitioner"). As is set forth in greater detail below, the petition should be denied where the petitioner cannot demonstrate that the state court's adjudication of his exhausted claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

## BACKGROUND

### Prior Proceedings

On July 28, 1999, an Essex County grand jury indicted the petitioner for the first-degree murder of Nelson Lariano. *See* Supplemental Answer ("Supp. Ans.") Ex. 1. The petitioner was tried before a jury beginning February 5, 2001, and was convicted of second-degree murder on February 15, 2001. *See id.* The petitioner was sentenced to life imprisonment in the Massachusetts Correctional Institute at Cedar Junction. *Id.*

On February 26, 2001, the petitioner filed a notice of appeal in the Massachusetts Appeals Court, and the appeal was docketed in the Appeals Court on January 7, 2003. *See* Supp. Ans., Ex.1; *see also* Supp. Ans., Ex. 5. On July 18, 2003, the Appeals Court granted the petitioner permission to file in the trial court a motion to set aside the verdict pursuant to Mass. R. Crim.P. 25(b)(2), and the petitioner filed such a motion on September 10, 2003. *See id.* The trial judge denied the motion on February 10, 2004. See, Supp. Ans., Ex. 1; *see also* Supp. Ans., Ex. 3.

On February 18, 2004, the petitioner filed a notice of appeal from the denial of his motion to set aside the verdict. Supp. Ans., Ex. 1. On March 10, 2004, the Appeals Court consolidated that second appeal with the petitioner's direct appeal. The Appeals Court denied the consolidated appeal on March 3, 2005. *See Commonwealth v. Jose Luis Cabrera,* 63 Mass. App. Ct. 1104 (2005)(table), Supp. Ans., Ex. 6.

The petitioner filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") on or about March 24, 2005. *See* Supp. Ans., Ex. 7. In his ALOFAR, the petitioner claimed that (1) the judge's instruction on malice was faulty; (2) the trial judge abused his discretion in denying the petitioner's motion to set aside the verdict; (3) the petitioner's

motion for a required finding of not guilty should have been allowed where the evidence did not demonstrate a sufficient intent to support a conviction for murder; and (4) ineffective assistance of counsel, on the grounds that counsel (a) failed to object to an instruction regarding consciousness of guilt and (b) failed to object to language in a supplemental instruction on malice. *See* Supp. Ans., Ex. 7. The petitioner's ALOFAR was denied on April 27, 2005. *See Commonwealth v. Jose Luis Cabrera*, 444 Mass. 1101 (2005)(table), Supp. Ans., Ex. 8.

**The Instant Federal Habeas Petition**

On or about June 6, 2005, the petitioner filed the instant petition for writ of habeas corpus. The petitioner raised five claims. On September 20, 2006, this Court found that petitioner had failed to exhaust all but part of Ground One, Ground Two and two parts of Ground Three. *Docket entry #17*, at page 11.

The court found that what remains is: Ground One - that the supplemental instruction on malice improperly shifted the burden of proof; Ground Two - that the judge erred in denying the motion for a required finding of not guilty; and Ground Three – that counsel provided ineffective assistance by failing to object to; a) the consciousness of guilt instruction and, b) the supplemental instruction on malice. *Id*.

**STATEMENT OF FACTS**

The Appeal's Court's recitations of facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).[1] *See Coombs v. Maine*, 202 F.3d 14, 18 (1st Cir. 2000); *Avellar v. DuBois*, 30 F.Supp.2d 76, 79 (D.Mass. 1998); *Otsuki v. DuBois*, 994 F.Supp. 48, 51 & n.3 (D.Mass. 1998); *cf. Sumner v. Mata*, 449 U.S. 539, 545-46 (1981)(holding that the presumption

[1] To the extent that the petitioner's statement of facts conflicts with the findings of the Appeals Court or the Superior Court, the state court's version controls since the petitioner has not made the required showing of error by clear and convincing evidence.

of correctness under former habeas statute applied to "factual determinations made by state courts, whether the court be a trial court or appellate court"). This deference extends to inferences drawn by the state court from those factual determinations as well. *See Parke v. Raley*, 506 U.S. 20, 35 (1992); *Flores v. Marshall*, 53 F.Supp.2d 509, 514 (D.Mass. 1999).

The facts at issue in the state court criminal proceedings may be summarized as follows:

> [In May, 1990] After bystanders broke up a fight between the defendant and [the victim, Nelson] Lariano, the defendant proceeded into the kitchen, where he obtained a knife. He then stabbed the unarmed Lariano two to four times in the chest before fleeing. (Tr. 2: 230-244, 260; Tr. 4: 231). Lariano died from the stab wounds. There was also abundant consciousness of guilt evidence. The defendant fled to New York, and then to Waterbury, Connecticut, where he lived under the name Jose Luis Vasquez Rivera. He used this identity until he was arrested [nine years after the murder] in June of 1999, when he claimed to be Jose Antonio Gonzalez. On his return to Massachusetts, he stated that his name was Jose Luis Cabrera Sabatino. He denied that he knew Nelson Lariano. When asked if he had killed Lariano, he denied doing so, but indicated that he knew who did.

*Commonwealth v. Cabrera*, 63 Mass. App. Ct. 1104 (2005), Supp. Ans. Exh. 6.

## ARGUMENT

### Standard of Review

Since this petition for habeas corpus was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that statute governs review. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Under § 2254(d)(1), the writ issues only if one of the following two conditions is satisfied -- the state court adjudication resulted in a decision that: (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or; (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the

Supreme Court of the United States." *Id.*

An incorrect state court decision is not the equivalent of an unreasonable state court determination. *Id.* at 410, 120 S.Ct. 1495. Therefore, a federal habeas court may not issue the writ "simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495.

## I. The Appeals Court's holding on the supplemental jury instruction on malice was neither contrary to, nor an unreasonable application of, clearly established Federal law

The petitioner claims that the supplemental instruction on malice shifted the burden of proof from the Commonwealth and, reading the habeas petitioner broadly, that there was a violation of due process.

Here, the Appeals Court found:

> There is also no merit to the strained contention that the judge's supplemental instruction shifted the burden of proof to the defendant. The instructions and supplemental instruction left no doubt that the Commonwealth had the burden to disprove justification or mitigation and to prove that the defendant committed an unlawful killing with malice.

*Commonwealth v. Cabrera*, 63 Mass. App. Ct. 1104 (2005), Supp. Ans. Exh. 6.

The Appeals Court clearly addressed the merits of the burden shifting argument and rejected it.[2] Thus, the usual deference is due. *See Niland v. Hall***,** 280 F.3d 6, 12 (1st Cir. 2002) (decision of the Massachusetts Appeals Court not unreasonable within the meaning of AEDPA as the opinion upholding the legality jury instructions on malice and consciousness of guilt instructions was not "contrary to, or involved an unreasonable application of, clearly established

2 Assuming without conceding the Appeals Court should have been less laconic, "the paucity of reasoning employed by the state court does not itself establish that its result is objectively unreasonable under [28 U.S.C.] § 2254(d)(1)." See *Hurtado v. Tucker*, 245 F. 3d 7, 18 (2001).

Federal law" under 28 U.S.C. § 2254(d)(1)).

In this case, the judge made it clear that the prosecution still had to prove all elements of the charged crimes beyond a reasonable doubt. *See Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1983) ("A federal court may not issue the [habeas corpus] writ on the basis of a perceived error of state law."); *Watkins v. Callahan,* 724 F.2d 1038, 1043 (1st Cir.1984) (rejecting arguments that trial court violated rights to a fair trial and due process because the jury instruction would have effectively shifted the burden of proof).

Here the judge repeatedly and amply instructed the jury that the defendant was presumed innocent, and the Commonwealth had the burden to prove each and every element of the crime beyond a reasonable doubt, including the burden of proving the absence of heat of passion induced by sudden combat and the absence of self defense. See Trial Transcript, Vol. 1, page 36-36; Vol . 7, page 136, 15, 148, 150-168. In addition, the supplemental instruction that malice is not an element of voluntary manslaughter is a correct statement of the law. Commonwealth v. Roderick, 429 Mass. 271, 277(1999).

**II. The Appeals Court's holding that the evidence at trial was constitutionally sufficient to convict was not contrary to or an unreasonable application of Supreme Court precedent.**

The petitioner asserts that the judge erred by denying the motion for a required finding of not guilty and thus on habeas review, if his claim is to be given broad interpretation, whether the evidence presented at trial was constitutionally sufficient to convict him. The petition's argument is without merit.

The Appeals Court held:

> *Sufficiency of the evidence.* In the light most favorable to the Commonwealth, see *Commonwealth v. Latimore,* 378 Mass. 671, 677-678 (1979), the evidence was sufficient to establish beyond a reasonable doubt that, in May of 1990, the defendant committed an intentional, unexcused, and unjustified killing of Nelson

> Lariano with malice aforethought. See *Commonwealth v. Fryar,* 425 Mass. 237, 245-247, cert. denied, 522 U.S. 1033 (1997).

*Commonwealth v. Cabrera*, 63 Mass. App. Ct. 1104 *1 (2005), Supp. Ans. Exh. 6.

"In criminal cases, the constitutional benchmark for evidentiary sufficiency is familiar. If the evidence presented, taken in the light most flattering to the prosecution, together with all reasonable inferences favorable to it, permits a rational jury to find each essential element of the crime charged beyond a reasonable doubt, then the evidence is legally sufficient." *Leftwich v. Maloney*, 2008 WL 2600365 (1st Cir. 2008); See *United States v. Olbres,* 61 F.3d 967, 970 (1st Cir.1995) (citing *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781).

"[A] state-court adjudication of an issue framed in terms of state law may receive section 2254(d)(1) deference so long as the state standard is at least as protective of the defendant's rights as its federal counterpart. *Id*. Therefore, "if there is a federal or state case that explicitly says that the state adheres to a standard that is more favorable to defendants than the federal standard (and it is correct in its characterization of the law), [there is a presumption that] the federal law adjudication [is] subsumed within the state law adjudication." *Id*. quoting *McCambridge v. Hall*, 303 F.3d at 35.

Here, the Appeals Court addressed the sufficiency of the evidence supporting the conviction exclusively in the vocabulary of state law and precedent. In addressing the sufficiency of the evidence the Appeals Court relied on the seminal decision in *Commonwealth v. Latimore,* 378 Mass. 671, 393 N.E.2d 370 (Mass.1979). "Because the *Latimore* court adopted the governing federal constitutional standard as the Massachusetts standard for sufficiency of the evidence challenges, *see Id.* at 374 (citing *Jackson*, 443 U.S. at 318-19, 99 S.Ct. 2781), [this court] can securely reason that in scouring the record for *Latimore* error and finding none the [Appeals Court] effectively answered the federal constitutional question." *Leftwich v. Maloney*,

2008 WL 2600365 (1st Cir. 2008).

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the state court's application 'of clearly established Federal law, as determined by the Supreme Court of the United States,' will trigger issuance of the writ only if it constitutes 'an unreasonable application' of that law. 28 U.S.C. § 2254(d)(1). Thus, '[t]he habeas question of whether the state court decision is objectively unreasonable is layered on top of the underlying standard governing the constitutional right asserted.' *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir.2001). In such a situation, then, the state court's decision is not vulnerable unless it evinces some increment of incorrectness beyond mere error. *McCambridge v. Hall*, 303 F.3d 24, 36 (1st Cir.2002) (en banc)." *Leftwich v. Maloney*, 2008 WL 2600365 (1st Cir. 2008).

Here the evidence, together with all the reasonable and possible inferences was more than sufficient to permit a rational juror to find the existence of every essential element of the crime charged beyond a reasonable doubt. When he denied the defendant's motion for a required finding of not guilty the judge noted that the evidence showed the defendant left the living room where he and the victim had been fighting "to arm himself with a knife" and then "stabbed [the victim] deeply in the chest twice." See Trial Transcript Vol. 5, page 231. The Commonwealth's evidence showed that the victim was mad at the defendant before arriving at the party where the defendant killed the victim and that the two men quarreled in the kitchen early on in the evening and a fist fight between the defendant and the victim. See Trial Transcript Vol. 2, page 220-222, 228-232; vol. 4, page 221-222, 224-228; vol. 5, page 16-19, 19-22, 143-146, 148-151, 178, 183-187). Next, the defendant left the living room after the fist fight, and went to the kitchen where he immediately got a knife from the pantry and then stabbed the unarmed victim while the victim tried, and failed, to defend himself by trying to avoid being

stabbed. See Trial Transcript Vol. 2, page 233-241; vol. 4, page 55-59, 227-231; vol. 5, page 31-35, 61, 78). Therefore the Appeals Court's decision was a reasonable application of Jackson and habeas relief should be denied on this claim.

**III. The Appeals Court's decision regarding the petitioner's claims of ineffective assistance of counsel was not contrary to or an unreasonable application of Supreme Court precedent.**

Petitioner next claims that trial counsel was ineffective for failing to object to the consciousness of guilt instruction in the main jury charge and the supplemental instruction on malice.

The Appeals Court properly addressed the ineffective assistance claims when it held:

> *Ineffective assistance of counsel*. For essentially the reasons previously discussed, the defendant's attorney did not render ineffective assistance in failing to make pointed objection to the judge's supplemental instruction
>
> ****
>
> Nor did counsel render ineffective assistance in failing to object to the judge's consciousness of guilt instruction. See Commonwealth v. Niland, 45 Mass.App.Ct. 526, 529-530 (1998) (express instruction that malice may not be inferred from consciousness of guilt evidence is not required where proper consciousness of guilt instruction is given and instructions on malice adequately inform jury of the distinction).
>
> ****
>
> *Response to the jury's questions.* The defendant concedes that the judge's initial instructions on malice, self-defense, and heat of passion based on sudden combat were correct and in accord with the Massachusetts Superior Court Criminal Practice Jury Instructions, Model Jury Instructions on Homicide §§ 2.4.2, 2.10 (MCLE Supp.2003). (Tr: 7, 154-155, 157-168). He maintains, however, that the judge erred in responding to two questions from the deliberating jury.[FN3]
>
> FN3. The jury asked, "(1) May we have a definition of malice for the second degree murder charge?
>
> ****
>
> Assuming that the defendant's objection was sufficiently specific to frame the alleged flaws in the response, we nevertheless discern no error. We look at the supplemental instructions in relation to the questions posed. See Commonwealth v. Amazeen, 375 Mass. 73, 82 (1978) (judge need not go beyond scope of jury's questions). The necessity, extent, and character of supplemental instructions in response to a jury request are matters within the trial judge's sound discretion. See Commonwealth v. Johnson, 429 Mass. 745, 753 (1999). The judge did not abuse

> that discretion when he declined defense counsel's request to reinstruct on mitigation. See Commonwealth v. Stokes, 440 Mass. 741, 750 (2004); Commonwealth v. Green, 55 Mass.App.Ct. 376, 382-383 (2002) (supplemental instruction appropriately responsive to specific question from jury).
>
> Here, the judge responded to the jury's first question by again correctly defining malice for murder in the second degree, instructing that malice could be inferred from the use of a deadly weapon, and stating that the jury could consider credible evidence of the defendant's consumption of alcohol in determining whether the Commonwealth had proved malice. (Tr.8: 12-13).
>
> ****
>
> The judge was not required to repeat his previous instruction that proof of malice requires proof of the absence of provocation or mitigation, see id. at 752, and did not err in his handling of the jury's questions.[FN4] See Commonwealth v. Sellon, 380 Mass. 220, 233-234 (1980) (judge's additional instruction must be read in light of entire charge and in giving further instruction judge not required to repeat all aspects of prior charge); Commonwealth v. Doucette, 391 Mass. 443, 452 (1984) (judge need not restate Commonwealth's burden at every turn).
>
> FN4. In an area fraught with complexity and the risk of misstatement because of what the Commonwealth must disprove as well as prove, the judge was properly concerned that extensive repetition might confuse the jury, especially where the main thrust of the defendant's case was self-defense, not sudden combat, which was mentioned only fleetingly in closing argument.
>
> Moreover, the judge told the jurors that they should not hesitate to ask for guidance if any questions remained. The return of the verdict without further question suggests that, whatever the impetus for the jury questions, the supplemental instruction provided the necessary guidance. See Commonwealth v. Monteagudo, 427 Mass. 484, 488-489 (1998).
>
> ***
>
> There is also no merit to the strained contention that the judge's supplemental instruction shifted the burden of proof to the defendant. The instructions and supplemental instruction left no doubt that the Commonwealth had the burden to disprove justification or mitigation and to prove that the defendant committed an unlawful killing with malice.

*Commonwealth v. Cabrera, 63 Mass. App. Ct. 1104 (2005).*

*Strickland v. Washington*, 466 U.S. 668 (1984) supplies the clearly established federal law governing claims of ineffective assistance of trial counsel. *See Williams v. Taylor*, 529 U.S. at 390-391. *Strickland* mandates that a defendant who claims that trial counsel's assistance was

so ineffective as to require reversal of a conviction must make two showings, on which the defendant bears the burden of proof. *Strickland*, 466 U.S. at 687.

First, the defendant must show that counsel's performance was constitutionally "deficient," meaning "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, the defendant must show that counsel's deficient performance resulted in "prejudice" to the defense, meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result was reliable." *Strickland*, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The defendant must show *both* deficient performance and prejudice, otherwise "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

"For habeas purposes, where state law is explicitly more favorable to defendants than the federal standard, 'we will presume the federal law adjudication to be subsumed within the state law adjudication.' " *Teti v. Bender*, 507 F.3d 50, 56 (1st Cir.2007) (quoting *McCambridge*, 303 F.3d at 35). The SJC has held that its [ineffective assistance of counsel claim] standard [of *Saferian*] is at least as favorable as that of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Commonwealth v. Wright*, 411 Mass. 678, 584 N.E.2d 621, 624 (1992); *see also Ouber*, 293 F.3d at 32" *Evans v. Thompson*, 518 F.3d 1, 12 (C.A.1,2008). Therefore, the Appeals Court's decision was not contrary to *Strickland.*

Furthermore, where the underlying claims did not constitute error, the petitioner cannot fulfill either prong of the ineffectiveness standard under *Strickland*. Counsel cannot be deemed

deficient for failing to raise claims on appeal which would not have been successful. Nor can petitioner show that he was prejudiced by counsel's performance if the underlying claims were not error. *See Cofske v. U.S.*, 290 F.3d 437, 441 (1st Cir. 2002) ("the absence of any error in sentencing would eliminate any prejudice, and therefore [any] ineffectiveness claim").

Trial counsel's failure to object to the portion of the judge's main instruction on consciousness of guilt was not error because both the instructions on consciousness of guilt were correct. See Trial transcript vol. 7, page 148-150. Commonwealth v. Toney, 385 Mass. 575, 585 (1982). The judge instructed that the jury could not convict the defendant based on flight or the use of aliases alone. Nor was trial counsel's failure to object to the supplemental instruction regarding malice error because that supplemental instruction was also correct because an instruction that malice is not an element of voluntary manslaughter is a correct statement of the law. Commonwealth v. Roderick, 429 Mass. 271, 277(1999).

Since the Appeals Court analysis was a reasonable application of Strickland, the petitioner's claims fail. *Evans v. Thompson*, 518 F.3d 1, 12 (C.A.1, 2008).

CONCLUSION

For the foregoing reasons, the respondent requests that this Court deny the petition.

Respectfully submitted,

Martha Coakley
Attorney General of Massachusetts

/s/ Lincoln S. Jalelian
Lincoln S. Jalelian
Office of the Attorney General
1 Ashburton Place, 20th Floor
Boston, MA 02108
617-727-2200 ext. 2097
Lincoln.Jalelian@state.ma.us
BBO # 561536

Dated: August 29, 2008

Certificate of Service

I hereby certify that on August 29, 2008, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Jose Luis Cabrera, petitioner *pro se*, N.C.C.I. Gardner, P.O. Box 466, 500 Colony Road, Gardner, Massachusetts 01440.

/s/ Lincoln S. Jalelian
Lincoln S. Jalelian