UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| JOSE LUIS CABRERA,                    ) | |
| ) | |
| Petitioner,           ) | |
| ) | |
| v.                    ) | Civil Action No. |
| ) | 05-40087-FDS |
| STEVEN O'BRIEN,                       ) | |
| ) | |
| Respondent.           ) | |
| ) | |

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

SAYLOR, J.

Pending before this Court is petitioner Jose Luis Cabrera's request for a Certification of Appealability ("COA"). Cabrera seeks a COA to allow him to appeal this Court's order of September 20, 2006, granting petitioner's motion to amend his habeas corpus petition to include only those claims that were exhausted in state court. In that order, this Court previously concluded that the petitioner had failed to exhaust his state court remedies with respect to (1) the claims that the trial judge's supplemental instructions were constitutionally defective because they (a) permitted the jury to convict him of murder without considering any mitigating factors, and (b) permitted the jury to believe that excessive force in self-defense justified a murder verdict; (2) the claims that he received ineffective assistance of counsel as the result of his lawyer having (a) failed to raise the issue of the victim's reputation on direct examination, thus precluding raising it on re-direct, (b) failed to follow up on the medical examiner's testimony regarding inconsistencies between the alleged murder weapon and a cut found on the victim, and (c) "made numerous other mistakes"; (3) the claim that prosecutorial errors unfairly biased the jury against him; and (4) the

claim that the trial judge erred by refusing to permit defense counsel to inquire as to his knowledge of the victim's reputation.[1]

## I. Standard for COA

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 does not have an automatic right to appeal a district court's denial or dismissal of the petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Instead, such a petitioner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c). By local rule, in the First Circuit, "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability." First Circuit Local Rule 22.1(b). A COA should not issue unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

## II. Analysis

Petitioner seeks a COA with regard to the issue of whether this Court properly dismissed certain claims as unexhausted. He now submits that this Court erroneously found that his original

---

[1] The claims that remained in his amended petition were (1) the claim that the supplemental instruction improperly shifted the burden of proof; (2) the claim that the trial judge erred by denying his motion for a required finding of not guilty based on insufficiency of the evidence; and (3) two claims based upon ineffective assistance of counsel, specifically the failure to object to the consciousness of guilt instruction and the supplemental instruction on malice. This Court concluded, in dismissing petitioner's amended petitioner for a writ of habeas corpus, that the state-court decision did not involve a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by Supreme Court precedent or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings.

habeas petition was a mixed petition of exhausted and unexhausted claims and submits the following claims "for reconsideration":  (1) the jury's verdict was inconsonant with justice because the weight of the evidence did not support a finding of malice; (2) the trial judge's erroneous supplemental jury instructions precluded the jury from reaching a verdict of manslaughter; (3) the prosecutor argued several facts not in evidence and made additional errors in his closing argument that likely prejudiced him; and (4) defense counsel should have been permitted to inquire as to his knowledge of the victim's reputation for quarrelsomeness or violence.  It is unclear whether he is asserting that the first and second claims of his COA are the same, in substance, as those that were submitted in his original habeas petition and found not to have been exhausted in the Court's Memorandum and Order of September 20, 2006.  However, this Court will consider them to be the same, as petitioner cannot ask for review of new claims when requesting a Certificate of Appealability.

### A.   Supplemental Jury Instruction

Petitioner's first and second claims assert that the trial judge's supplemental instruction to the jury on malice was faulty in that it permitted the jury to convict him of murder without considering any mitigating factors and to believe that excessive force in self-defense justified a murder verdict.  Where—as here—"the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner raised these claims in his ALOFAR, but did not assert that the instruction was constitutionally defective, nor did he cite any Supreme Court or other federal precedent.  This Court therefore found that petitioner failed to present the federal nature of these claims to the Supreme Judicial Court and that they were not exhausted.  Reasonable jurists could not find that this Court's dismissal of these claims as not exhausted was incorrect or debatable.  Accordingly, the request for a COA as to these claims will be denied.

### B. Alleged Errors by Prosecutor

Petitioner's third claim asserts that the prosecutor argued several facts not in evidence and made additional errors in his closing argument that likely prejudiced him.  In his brief to the Appeals Court, petitioner argued that the misconduct violated his federal constitutional rights.  However, in his ALOFAR, petitioner focused on whether the trial judge abused his discretion in refusing to address this issue when denying his motion for a required finding of not guilty.  Petitioner failed to exhaust this claim because he did not present the legal and factual underpinnings of this claim to the Supreme Judicial Court.  This Court therefore concludes that reasonable jurists could not find that its dismissal of this claim was incorrect or debatable.  Accordingly, the request for a COA as to this claim will be denied.

### C. Limitations on Defense Counsel Inquiry

Petitioner's fourth claim asserts that defense counsel should have been permitted to inquire as to the defendant's knowledge of the victim's reputation for quarrelsomeness or violence.  Although petitioner raised this claim in his appeal to the Appeals Court, he did not include it in his ALOFAR and thus the claim was not exhausted.  This Court therefore concludes that reasonable jurists could not find that its dismissal of this claim was incorrect or debatable.

4

Accordingly, the request for a COA as to this claim will be denied.

### IV.     <u>Conclusion</u>

For the foregoing reasons, the request for a Certificate of Appealability is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: April 17, 2009